FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**August 14, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

BRUNEL IGOR NTWARI,

    Petitioner,

v.

TODD BLANCHE*, United States
Attorney General,

    Respondent.

No. 25-9571
(Petition for Review)

_____

**ORDER AND JUDGMENT***

_____

Before **MATHESON**, **CARSON**, and **ROSSMAN**, Circuit Judges.

_____

Brunel Ntwari, a native and citizen of Burundi proceeding pro se,[1] seeks

review of a decision by the Board of Immigration Appeals (BIA) affirming an

---

    * On August 10, 2026, Todd Blanche became the Attorney General of the United States.  Consequently, his name has been substituted as Respondent.  _See_ Fed. R. App. P. 43(c)(2).

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Ntwari proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing

immigration judge's (IJ) decision rejecting his claims for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

## BACKGROUND

Authorities admitted Ntwari to the United States in 2015 as a nonimmigrant student attending Oklahoma Christian University. In 2016, he applied for asylum, withholding of removal, and CAT protection. He sought relief to avoid violence and other harassment by Burundi's National Intelligence Service (SNR). According to Ntwari, the SNR retaliated against him and his family because of his father's prior involvement in politics for the party no longer in power. Shortly after he applied for relief, the college disenrolled him for failing to attend classes. He was also convicted in Arizona of driving offenses involving alcohol consumption.

The Department of Homeland Security (DHS) interviewed Ntwari in 2023. The DHS found him not entirely credible and began removal proceedings which included serving him with a notice to appear that alleged he was removable under 8 U.S.C. § 1227(a)(1)(C)(i). He failed to appear at the scheduled hearing, so the IJ ordered him removed *in absentia*.

Ntwari later retained counsel, who filed an amended asylum application and moved to reopen the proceedings. The IJ granted the motion to reopen and held a hearing in 2024. The IJ then denied Ntwari's applications for relief. She found

---

arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Ntwari's testimony credible overall but insufficient to meet his burden of proof.  She

found

> [Ntwari]'s testimony was vague at times and lacked specific
> details.  For example, [Ntwari] testified that SNR members broke into
> his home in March 2014.  Initially he provided high level details and
> only gave more specific answers when asked direct questions.  Still,
> some of his testimony remained vague.  For instance, when asked how
> long the incident lasted, he testified that the SNR harmed him for an
> amount of time that "was not short" and "not long."  Similarly, when he
> testified about being kidnapped, he initially said he did not know how
> long he was held and beaten.  When pressed, he testified it was a "long
> time" and "hours."  He believes this harm was related to his father, but
> he did not know much about his father's career and political
> involvement, and only knew vague details about other times his father
> was harmed in Burundi.

R. vol. 1 at 53.  She also found implausible certain aspects of Ntwari's testimony,

including his testimony that he suffered only minor bruising and did not need medical

attention after five men attacked him and hit him with a stick or belt "approximately

a hundred times."  *Id.*  And she found Ntwari's testimony about the alleged

kidnapping inconsistent with his declaration.  She also found that

> [w]hen confronted with this inconsistency, [Ntwari] said the account in
> his declaration was incorrect and that he got more details from his
> parents in 2022 after they came to the United States.  However, the
> declaration states his father told him the other version of events, so the
> fact that he spoke to his parents again in 2022 does not explain why the
> story would change so dramatically.

*Id.* at 54.  The IJ found, in sum, that "[Ntwari's] testimony was not so persuasive,

factually specific, and clear to satisfy his burden of proof without additional

corroboration," and that his documentary evidence was insufficient to corroborate his

account.  *Id.* at 55; *see also id.* at 56 ("[W]ithout more information regarding the

3

family's situation, there are too many evidentiary gaps for the [IJ] to grant [Ntwari] relief.").

Ntwari appealed to the BIA. The BIA affirmed the IJ's conclusion that Ntwari provided insufficient evidence to corroborate his testimony and meet his burden of proof. The BIA dismissed the appeal.

## DISCUSSION

"[W]e review the BIA's decision as the final agency determination and limit our review to issues specifically addressed therein." *Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir. 2006). "However, when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006) (internal citation omitted). "We consider any legal questions de novo, and we review the agency's findings of fact under the substantial evidence standard. Under that test, our duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). "To obtain reversal of factual findings, a petitioner must show the evidence he presented was so compelling that no reasonable factfinder could find as the BIA did." *Gutierrez-Orozco v. Lynch*, 810 F.3d 1243, 1245 (10th Cir. 2016) (internal quotation marks omitted).

Ntwari first argues the BIA erred "in affirming the IJ's denial of asylum and withholding of removal by failing to consider new and material corroborating

evidence that directly addressed the evidentiary gaps" the IJ identified. Pet'r Opening Br. at 3. The "new and material corroborating evidence" to which he refers consists of affidavits created after the BIA decision to support a motion for stay he filed in this court.[2] But our review is limited to "the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). So we cannot consider the affidavits for the first time in this petition for review. To present other evidence on a claim for asylum and other relief, an applicant must move to reopen his proceedings with the agency. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). As Ntwari has not done so, this contention lacks merit.

Ntwari also argues that the BIA erred "by treating the absence of corroboration as dispositive despite acknowledging [his] credibility." Pet'r Opening Br. at 4. But the record does not support his contention. Indeed, the limitations in Ntwari's evidence went beyond the lack of corroboration—they included implausibilities and inconsistencies in his account. The IJ credited Ntwari for his candor regarding his criminal history. But his credibility on one issue does not necessarily make his testimony sufficient by itself to prove his entitlement to the requested relief. The IJ reasonably found Ntwari's "testimony was not so persuasive, factually specific, and clear to satisfy his burden of proof without additional corroboration." R. vol. 1 at 55. And "[i]t's not always the case that credibility equals factual accuracy, nor does it guarantee a legal victory." *Garland v. Ming Dai*, 593 U.S. 357, 372 (2021).

---

[2] This court denied the motion for stay by separate order on November 21, 2025.

5

Ntwari does not demonstrate legal error in the BIA's decision.  And he falls well short of showing "the evidence he presented was so compelling that no reasonable factfinder could find as the BIA did," *Gutierrez-Orozco*, 810 F.3d at 1245 (internal quotation marks omitted), so we conclude substantial evidence supports the agency's findings of fact denying relief.

## CONCLUSION

We deny the petition for review.  We grant Ntwari's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court


Joel M. Carson III
Circuit Judge

6